UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE AMANDA SCHURMAN,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN LUKE, YANKTON COUNTY JAIL;<br><br>Defendant. | 4:24-CV-04100-RAL<br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |

Stephanie Amanda Schurman filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Schurman raised several constitutional challenges in her petition, including that the state court denied her Sixth Amendment right to counsel and her Fourteenth Amendment due process during a bond forfeiture hearing. Id. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. Magistrate Judge Veronica L. Duffy screened the petition and issued a report and recommendation that all claims seeking to challenge the civil forfeiture proceeding be dismissed with prejudice and that the Respondent file a response to the remaining claims. Doc. 5. Additionally, because Schurman is in state custody, the Report and Recommendation applied the procedural requirements of 28 U.S.C. § 2254 to her claims. Schurman timely filed objections to the Report and Recommendation. Doc. 8.

I.      **Legal Standard**

1

This Court reviews a report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1), which provides in relevant part that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." However, "[i]n the absence of an objection, the district court is not required 'to give any more consideration to the magistrate's report than the court considers appropriate.'" United States v. Murrillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985)). This Court has conducted a de novo review of the record, and for those reasons explained below, this Court overrules Schurman's objection to the dismissal of her claims relating to the bond forfeiture hearing and adopts the remaining portions of the Report and Recommendation.

**II. Discussion**

Schurman appears to make two separate objections to the Report and Recommendation. Doc. 8. First, Schurman objects to the Report and Recommendation construing her § 2241 petition as a § 2254 petition. Second, she objects to the Report and Recommendation dismissing her claims involving the civil forfeiture proceedings. This Court addresses each objection separately.

**A. Construing the § 2241 Petition as a § 2254 Petition**

Schurman first objects to the Report and Recommendation construing her § 2241 petition as a § 2254 petition. In the Eighth Circuit, § 2254 is the "exclusive vehicle for habeas relief for prisoners in the custody of a state." DeCory v. Pfiefle, 5:23-CV-05039, 2024 WL 331655, at *3 (D.S.D. Jan. 26, 2024) (citing Singleton v. Norris, 319 F.3d 1018 (8th Cir. 2003)). Moreover, petitions filed under § 2254 are subject to various restrictions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), including exhaustion requirements, a statute of limitations, and limits on second or successive applications. See Pub. L. No. 104–132, §§ 104–

106, 110 Stat. 1214, 1218–21 (1996). "A state prisoner cannot escape the restrictions of § 2254 by filing a habeas petition under § 2241 . . . ." Decory, 2024 WL 331655, at *4. However, § 2254 applies only to individuals "in custody pursuant to the *judgment* of a State court." Thus, there remains a subset of individuals in state custody to whom § 2254 is not an available remedy by its own terms, namely individuals in pre-trial detention such as what Schurman alleges she is. But pretrial detainees are not without relief. Instead of filing a § 2254 petition and having to comply with its various restrictions, pretrial detainees seeking to challenge their custody as unlawful can "file an application for a writ of habeas corpus governed by § 2241." Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004); see also Martinez v. Caldwell, 644 F.3d 238, 242 (5th Cir. 2011); Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007); Gonzalez v. Justices of Municipal Court of Boston, 382 F.3d 1, 6 (1st Cir. 2004).

Section 2241(c)(3) authorizes federal district courts to grant writs of habeas corpus to individuals held "in custody in violation of the Constitution or laws or treaties of the United States." Although other sections of § 2241 limit relief to federal prisoners, § 2241(c)(3) makes no distinction between state or federal prisoners. And unlike petitions filed under § 2254, petitions filed under § 2241 by those in pretrial detention are not subject to the same AEDPA restrictions. See Martinez, 644 F.3d at 242 ("[W]hen Congress amended § 2254(d) in 1996 amid sweeping habeas reform, it did not similarly amend § 2241."); Mathena v. United States, 577 F.3d 943, 945 (8th Cir. 2009) (casting doubt on the applicability of AEDPA's statute of limitations requirement on a § 2241 petition).

However, there is a judicially-created exhaustion requirement in the Eighth Circuit for federal inmates filing § 2241 petitions. See Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974). For such federal prisoners, they must first present their claims to the Bureau of Prisons before filing a

3

§ 2241 petition. Schurman is in state custody. According to her petition, she is presently held at Yankton County Jail on pretrial detention. Doc. 1. Whether a similar expectation should apply to state inmates in pretrial detention filing § 2241 petitions is not necessary to decide here on screening. Nor does this Court need to determine if Judge Duffy improperly applied § 2254 to any part of this § 2241 petition. Judge Duffy only recommended dismissal of the civil forfeiture claims, and it is to that claim that this Court now turns.

## B. Civil Forfeiture Claims

Schurman objects to the dismissal of her claims relating to the civil forfeiture proceedings. First, Schurman argues that her Sixth Amendment right to counsel was violated when she was denied an attorney at her bond forfeiture hearing. She also alleges the forfeiture of her bond violated her Fourteenth Amendment Due Process rights. This Court agrees with the Report and Recommendations on dismissing the claims.

### 1. Sixth Amendment Claim

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in criminal cases. U.S. Const. amend. VI; Strickland v. Washington, 466 U.S. 668, 686 (1984). However, a defendant is not entitled to an attorney at every criminal proceeding, rather, only those proceedings deemed "critical stages." See Bell v. Cone, 535 U.S. 685, 696 (2022). A critical stage is a "step of a criminal proceeding . . . that [holds] significant consequences for the accused." Id. In making a determination on whether a step in the criminal proceeding is a critical stage, a court must decide "whether the presence of . . . counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross-examine the witnesses against him and to have effective assistance of counsel at the trial

4

itself." United States v. Wade, 388 U.S. 218, 227 (1967). There is no such right in civil cases. See Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013).

Schurman was not entitled to an attorney at the bond forfeiture hearing. On September 11, 2023, the Second Judicial Circuit Court in South Dakota held a bond forfeiture hearing to determine whether to enter default judgment on several bonds deemed forfeited under SDCL 23A-43-21. Doc. 1-1 at 5. Schurman asked to be represented by an attorney, but her request was denied because the judge deemed the forfeiture hearing a civil matter. Doc 1; see State v. Krage, 404 N.W.2d 524, 526 (S.D. 1987) ("An action to enforce a bond forfeiture . . . is considered civil in nature . . . ." (cleaned up and citation omitted)). Even if a forfeiture hearing were a criminal proceeding, it is not a critical stage. See United States Securities and Exchange Commission v. Ahmed, No. 3:15cv675, 2020 WL 468444, at *4 (D. Conn. Jan. 29, 2020) (holding bond forfeiture hearing was not a critical stage for purposes of Sixth Amendment right to counsel). The forfeiture hearing has no bearing on Schurman's right to a fair trial. It was held to determine whether the state could forfeit her property. Therefore, Schurman had no right to counsel, and her claim is dismissed.

**2. Due Process Claim**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "[W]hen a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus . . . .'" Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74 (2005)). As such, habeas corpus is improper when the petitioner fails to challenge the fact or duration of her confinement or would not be entitled to release from custody. See Spencer v. Haynes, 774 F.3d

5

467, 469 (8th Cir. 2014) (holding a habeas petition was not the proper claim where petitioner did not seek a remedy that would result in earlier release).

Schurman's claim that she was deprived of property without due process does not implicate the legality of her custody, does not challenge the fact or duration of her confinement, and a ruling in her favor would not entitle her to early release. Therefore, the claim is not cognizable in a § 2241 petition and is dismissed.

### C. Remaining Claims

For the remaining claims in Schurman's petition, the Report and Recommendation recommends that Docs. 1, 3, and 4 be served on the Respondent and that the Respondent file and answer or other appropriate response. This Court adopts the recommendation as to the remaining claims.

### III. Conclusion

For good cause, it is hereby

ORDERED that Plaintiff's objection to construing her § 2241 petition as a § 2254 petition is sustained in part to the extent explained herein, though that has no bearing on the ultimate recommendation. It is further

ORDERED that Plaintiff's objections to the recommendation for dismissal of her claims related to the civil forfeiture hearing are overruled. It is further

ORDERED that the Report and Recommendation on all remaining claims is adopted.

DATED this 10th day of October, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE